IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERNDIVISION

| | |
|---|---|
| ROGER B. FELT and/or<br>ROGER B. FELT, D.D.S. ,<br><br>           Plaintiff,<br><br>v.<br><br>BARBARA VAN MONDFRANS, REVENUE AGENT, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; and UNITED STATES OF AMERICA; and BANK OF AMERICA, NA; and WELLS FARGO BANK, NA,<br><br>           Defendants. | **MEMORANDUM DECISION and REPORT AND RECOMMENDATION**<br><br>Case No. 1:10-cv-00055-DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

District Judge Dee Benson referred this case to the Magistrate Judge pursuant to 28 U.S.C § 636(b)(1)(B) calling for a report and recommendation for the proper resolution of dispositive matters.[1] Plaintiff Roger B. Felt and/or Roger B. Felt, D.D.S. ("Felt") has failed to comply with 26 U.S.C. §7609(b)(2)(A) in his attempt to quash the summonses the Internal Revenue Service (IRS) served on third-party banks. For the reasons below, the Magistrate Judge recommends that the District Court grant Respondent United States of America's Motion to Dismiss Verified Petition to Quash Third Party Summonses pursuant to Fed.R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction..[2]

Felt filed the petition seeking to quash summonses sent by the IRS to two banks.[3] The summonses requested specific financial information regarding Felt. United States of America

---

[1] Order Referring Case, docket no. 3, filed May 5, 2010.

[2] Unites States' Motion to Dismiss Verified Petition to Quash Third Party Summonses (Motion to Dismiss), docket no. 7, filed June 10, 2010.

[3] Verified Petition to Quash Third Party Summons(es) and Memorandum in Support, docket no. 1, filed April 23, 2010.

(USA) responded by filing a Motion to Dismiss [Felt's] Verified Petition to Quash Third Party Summonses.[4] USA argues that Felt failed to comply with the statutory requirement[5] that a recipient of a notice of summons begin a proceeding to quash the summons within 20 days of receiving the notice.[6]

"Motions to quash must be filed within twenty days from the date notice is given."[7] Further, "[n]otice is given on the date it is mailed."[8] Therefore, "a taxpayer's motion to quash an IRS third party summons must be filed within twenty days from the date notice is sent or personally served to avoid dismissal by a district court."[9] On April 1, 2010, IRS Agent Barbara Van Mondfrans sent Felt, via certified mail, notice of the administrative summonses that were sent to Bank of America, N.A. and Wells Fargo, N.A.[10] Felt did not file the Verified Petition to Quash Third Party Summons(es) and Memorandum in Support until April 23, 2010, more than 20 days after the date the notice was sent as provided under the applicable statute.[11] Consequently, the district court lacks jurisdiction to hear Felt's motion to quash and Respondent's Motion to Dismiss should be granted.

---

[4] Motion to Dismiss.

[5] *See* 26 U.S.C. § 7609(b)(2)(A) ("Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).").

[6] Memorandum in Support of United States' Motion to Dismiss Verified Petition to Quash Third Party Summonses, (Memorandum in Support) at 3, docket no. 8, filed June 10, 2010. .

[7] *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990).

[8] *Id.* (quoting *Stringer v. United States,* 776 F.2d 274, 276 (11th Cir.1985)).

[9] Need citation to this quote.

[10] Memorandum in Support, Attachment #1 (Declaration of Barbara Van Mondfrans), at 2.

[11] 26 U.S.C. § 7609(b)(2)(A).

## RECOMMENDATION

This case should be dismissed because the district court lacks jurisdiction to consider Felt's Verified Petition to Quash Third Party Summons(es)..

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have fourteen days after being served to serve and file written objections to this Report and Recommendation.[12] The District Judge will make a de novo determination of the specific objections by the parties. The District Judge may accept, reject, or modify this Report and Recommendation in whole or in part. Further, the District Judge may also receive additional evidence on the matter or recommit the matter to the Magistrate Judge with instructions.

Dated September 15, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[12] 28 U.S.C. § 636(b)(1) (2010).